[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15198
Non-Argument Calendar

_____

D.C. Docket Nos. 6:00-cv-00140-BAE-GRS,
6:96-cr-00004-BAE-2

KYLE MICHAEL BREWER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 9, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kyle Michael Brewer, a federal prisoner, appeals the district court's entry,

following our prior remand, of an amended anti-filing injunction upon denying his

fourth Federal Rule of Civil Procedure 60(b) motion in his 28 U.S.C. § 2255 proceedings.  That revised injunction provided that Brewer (1) could not appeal any judgment or bring any civil action in forma pauperis ("IFP") unless he was in imminent danger of serious physical injury, (2) could not file further motions in his § 2255 case, (3) could not litigate any claim arising from the facts underlying that suit, and (4) needed to seek leave of court before filing pleadings.  On appeal, Brewer argues that the district court abused its discretion in imposing the amended anti-filing injunction because its four terms were "inappropriately overbroad" and violated his constitutional right of access to the courts for matters unrelated to any abusive or repetitive filings he may have submitted in his § 2255 proceedings.  He asserts that broad restrictions on his ability to file other pleadings IFP, without first demonstrating he is in imminent physical danger or obtaining leave of court, is not properly tailored and is unduly punitive.

We review an anti-filing injunction for abuse of discretion.  Miller v. Donald, 541 F.3d 1091, 1095-96 (11th Cir. 2008).  District courts have considerable discretion when designing an anti-filing injunction.  Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc).  However, a court abuses its discretion when "it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs.,

2

Inc., 601 F.3d 1159, 1169 (11th Cir. 2010).  A court may also abuse its discretion if it applies the law in an incorrect or unreasonable manner.  Id.  Further, "an abuse of discretion occurs if the district court imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large."  Id.

"[P]risoners have a constitutional right of access to the courts."  Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977).  That right, however, "is neither absolute nor unconditional."  Miller, 541 F.3d at 1096.  "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."  Procup, 792 F.2d at 1073.  "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."  Id. at 1074.  To counter this threat, courts are authorized to restrict access to vexatious and abusive litigants.  Miller, 541 F.3d at 1096.  While a court may severely restrict a litigant's filings, it cannot completely foreclose a litigant from any access to the courts.  Procup, 792 F.2d at 1074.  When devising methods to curtail the activity of particularly abusive prisoners, however, "courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts."  Id. at 1072.  An injunction is impermissible when it goes beyond what is

3

sufficient to protect the court from a prisoner's repetitive filings and, considering its exceptions, fails to provide meaningful access to the courts. See Miller, 541 F.3d at 1098 (vacating an injunction that "[went] beyond what [was] sufficient to protect the . . . court's jurisdiction from [the prisoner's] repetitive filings related to the conditions of his confinement, and fail[ed] to uphold [the prisoner's] right of access to the courts," and concluding that "[t]he . . . limited exceptions in the injunction, taken together, do not provide [the prisoner] with meaningful access.").

Among the reasonable measures that a court may employ to curtail repetitive and vexatious litigation are the following: (1) "enjoin[ing] prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances"; (2) "requir[ing] litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing"; (3) "direct[ing] the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district"; (4) "direct[ing] the litigant to seek leave of court before filing pleadings in any new or pending lawsuit"; and (5) "permitt[ing] abusive prisoner litigants to file in forma pauperis only claims alleging actual or threatened physical harm; and requiring payment of a filing fee to bring other claims." Procup, 792 F.2d at 1072. To the indigent, however, "a filing fee is a blunt instrument that

4

cannot discriminate between valid and bogus claims," and a blanket injunction prohibiting all IFP filings by a given person is overinclusive. Miller, 541 F.3d at 1096.

In Procup, we concluded that a prisoner engaged in "ridiculously extensive litigation" by filing 176 cases, most of which were *pro se* IFP civil rights actions brought under 42 U.S.C. § 1983. Procup, 792 F.2d at 1070. The district court enjoined the prisoner from filing any case with the court unless submitted by an attorney. Id. We held that the injunction was overbroad because the requirement that he file suits only through counsel could have foreclosed him from filing any suits at all, because private attorneys might be unwilling to sift through Procup's lengthy and generally frivolous claims to discern one that might have some merit. Id. at 1071.

In Miller, the district court enjoined a prisoner who had filed at least 30 cases against, for the most part, prison officials from "submitting further filings with the court, except in limited circumstances, without paying the unpaid filing fees he has accrued." Miller, 541 F.3d at 1094. The exceptions to this injunction were that the prisoner could file: "(1) papers in a criminal proceedings brought against him by the state, (2) a timely motion for reconsideration of the filing bar as applied, and (3) a pleading or paper demonstrating that he has been denied access to state court and has no recourse except to repair to the district court." Id. at 1095.

We noted that there was no exception for a complaint alleging that the prisoner was in immediate danger of serious physical injury. Id. We concluded that this injunction was impermissibly overbroad because "a narrower injunction could target [the prisoner's] filings arising from the facts or transaction already raised and litigated in other cases." Id. at 1098.

In Cofield v. Alabama Public Service Commission, 936 F.2d 512, 513-14 (11th Cir. 1991), we considered an order requiring an "overly litigious" prisoner, who had brought 105 suits against various prison officials, as well as McDonald's, Burger King, and Coca-Cola, "to pay full filing fees and seek pre-filing approval of any complaints or papers." We held that requiring pre-filing screening of claims allowed for sufficient access to the courts, but, that, by prospectively denying IFP status for all claims, the court "could be prospectively shutting the courthouse door." Id. at 518.

Section 1915(g) of Title 28 of the U.S. Code, part of the Prison Litigation Reform Act ("PLRA"), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Congress, however, "promulgated the PLRA to curtail prisoner tort, civil rights and conditions litigation, not the filing of habeas corpus petitions."  Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997).  There is no indication that Brewer has filed such actions.

Here, the district court abused its discretion in imposing the amended anti-filing injunction because the injunction, as crafted, was unnecessarily broad and went beyond what was sufficient to protect the court from Brewer's repetitive filings related to his § 2255 proceedings.  The injunction also functioned as an impermissible restriction on Brewer's constitutional right of access to the courts, for example, because it could prevent him from seeking future legitimate post-conviction relief or relief pursuant to a retroactive change to sentencing laws or guidelines.

"We do not here design the kind of inju[n]ction that would be appropriate in this case."  Procup, 792 F.2d at 1074.  As stated above, "[c]onsiderable discretion necessarily is reposed in the district court."  *Id.*  "The injunction is vacated and the case is remanded for the district court to consider an appropriate substitute order."  Id.

VACATED AND REMANDED.